IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KELVIN HARRIS, : | |
| : | Case No. 2:14-CV-1231 |
| Plaintiff, : | |
| : | JUDGE ALGENON MARBLEY |
| vs. : | |
| : | Magistrate Judge Terrence Kemp |
| EXEL, INC., : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Exel, Inc. ("Exel")'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4), Exel's Motion to Stay the Proceedings Pending an Appellate Decision (Doc. 13), and Plaintiff Kelvin Harris ("Harris")'s accompanying Motion to File a Surreply (Doc. 16).  Harris sues Exel alleging failure to comply with the Fair Credit Reporting Act ("FCRA") including failure to obtain Harris' written consent before obtaining the consumer report, failure to provide Harris with a copy of his consumer report or a written summary of his rights under the FCRA, and failure to provide Harris with an opportunity to dispute the information within his consumer report.

For the reasons that follow, this Court **DENIES** defendant Exel's Motion to Dismiss for Lack of Subject Matter (Doc. 4); **GRANTS** plaintiff Harris' Motion to File a Surreply *Instanter* (Doc. 16); and **DENIES** Exel's Motion to Stay (Doc. 13).

**II. BACKGROUND**

The following facts are taken from Plaintiffs' Complaint (Doc. 1).  Harris brings this FCRA action on behalf of himself and all others similarly situated.  Exel is a business located in

1

Westerville, Ohio.  Exel is a logistics provider that places employees in warehouses operated by retailers and distributers.  Harris is a Georgia resident.  He applied for a position of forklift driver at Exel's Fairburn, Georgia office in August 2013.  Exel interviewed Harris and extended a conditional offer of employment.  Exel obtained a consumer report about Harris through a third-party agency.  Exel never provided a clear disclosure to Harris that it would obtain a consumer report about him for employment purposes.  After obtaining the report, one of Exel's hiring managers told Harris that he would not be eligible for employment because of "something in your background report."  (Doc. 1, at ¶ 13).

Harris asserts that it is a regular practice of Exel to obtain consumer reports for applicants without obtaining their permission or providing the reports to the applicants.  He also contends that Exel regularly fails to provide the pre-action notice mandated under the FCRA.  Harris seeks class certification; maximum statutory damages of $2,000; costs and attorney's fees; and punitive damages, which are uncapped under the FCRA because Harris alleged willful violations.

After Harris filed his complaint, Exel made a settlement offer of reasonable attorney's fees plus $12,000: $2,000 for the two statutory violations and $10,000 for punitive damages.  Harris did not accept the settlement offer, and Exel brings this Motion to Dismiss because it argues that its settlement offer mooted Harris' claims.

### III. STANDARD OF REVIEW

A federal district court's basis for subject matter jurisdiction over a dispute may be challenged by filing a motion under Federal Rules of Civil Procedure 12(b)(1).  *See Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  Subject matter jurisdiction may be challenged at any time by any party, and the court itself may dismiss a case where it decides that

it lacks subject matter jurisdiction. *Ogle v. Church of God*, 153 F. App'x 371, 374 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself."). When a defendant offers a settlement that satisfies plaintiff's entire demand, the case becomes moot and the court no longer has subject matter jurisdiction. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009).

### IV. LAW AND ANALYSIS

Exel argues that this Court no longer has subject matter jurisdiction because Exel made a settlement offer that satisfied Plaintiff's entire demand, which mooted Harris' claims. Harris contends that Exel's offer did satisfy the entire demand because Harris also seeks punitive damages, which are uncapped under the FCRA.

**A.  Motion to Dismiss**

"[A]n offer of judgment that satisfies a plaintiff's entire demand moots the case" and the action then shall be dismissed for lack of subject matter jurisdiction. *O'Brien*, 575 F.3d at 574. The threshold issue when considering such a motion to dismiss is whether the settlement offer satisfied a plaintiff's entire demand. *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) ("[t]o moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* he has asked for as an individual"). Under the FCRA, punitive damages are uncapped when a defendant's violation was willful. *See* 15 U.S.C. § 1681n(a)(2) (a person who willfully fails to comply is liable for "such amount of punitive damages as the court may allow"); *see also Bach v. First Union Nat. Bank*, 486 F.3d 150, 154 (6th Cir. 2007) ("the FCRA does not include a limit on damages for civil actions brought under the statute by private citizens").

Whether a settlement offer can moot a plaintiff's claim that includes uncapped punitive

3

damages is an issue of first impression for this Court.  A sister court held that when a Plaintiff seeks punitive damages that are uncapped, "the court and the parties cannot say what, if any, the full measure of those damages might eventually be. Thus, practically speaking, the defendants cannot unilaterally make an offer of judgment that moots the plaintiff's claims by giving her complete relief." *Beaudry v. Telecheck Servs., Inc.*, 2010 WL 2901781, at *4 (M.D. Tenn. 2010).  Another court held that when a Plaintiff seeks punitive damages that are uncapped, the claim will not be mooted by a $9,000 settlement offer for punitive damages even when "it may be unlikely that Plaintiff will recover an amount of punitive damages in excess of $9,000." *Smith v. Res-Care, Inc.*, 2013 WL 4546042, at *5 (S.D.W. Va. 2013) (where the Plaintiff's claim was for willful infringement of the FCRA).  The court reasoned that quantifying punitive damages would be inappropriate prior to discovery.  *Id.*

But another court disagreed with that reasoning and found that a defendant satisfied the plaintiff's entire demand when defendant offered $10,000 in punitive damages for a single FCRA violation. *See Sanchez v. Verified Pers., Inc.*, 2012 WL 1856477, at *1 (W.D. Tenn. 2012), *vacated* (2012) (where the settlement offer totaled $25,000, including $1,000 in statutory damages, $10,000 in punitive damages, and $14,000 for attorney's fees).  The court reasoned that it would be unlikely for punitive damages to exceed 10 times statutory damages.  *Id.*

This Court agrees with the *Beaudry* and *Smith* courts and finds that the settlement offer did not satisfy Harris' entire demand.  Harris alleged that Exel willfully violated the FCRA, so punitive damages will be uncapped if Harris discovers evidence to support the claim.  Thus punitive damages could exceed the current settlement offer.  At this early stage of the proceedings, no meaningful discovery has taken place, and it would be inappropriate for the Court to determine the proper amount of punitive damages.  Exel's offer did satisfy Harris' entire

4

demand, so the Court retains subject matter jurisdiction. Exel's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DISMISSED**.

      **B.**      **Motion to Stay**

Exel also moves to stay the case pending the Sixth Circuit determination on whether mooting a named Plaintiff's claims allows for a dismissal of the entire case including all class members. Harris argues that such a determination does not matter because Exel did not satisfy his entire demand. The Court agrees. Harris' Motion to File a Surreply *Instanter* is **GRANTED** because good cause was shown, and Exel's Motion to Stay is **DENIED** because the issue is not determinative in the case *sub judice*.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** defendant Exel's Motion to Dismiss for Lack of Subject Matter (Doc. 4). The Court **GRANTS** plaintiff Harris' Motion to File a Surreply *Instanter* (Doc. 16) and **DENIES** Exel's Motion to Stay (Doc. 13).

      **IT IS SO ORDERED.**

                                                               s/ Algenon L. Marbley  
                                                               **ALGENON L. MARBLEY**  
                                                               **UNITED STATES DISTRICT JUDGE**

**DATED: July 24, 2015**