## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KELVIN W. HARRIS**, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>**EXEL, INC.**<br><br>   Defendant. | CASE NO. 2:14-cv-1231<br><br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE TERENCE P. KEMP |

## STIPULATION AND PROTECTIVE ORDER

Plaintiffs and Defendants (collectively the "Parties") having agreed that it would serve their interests to conduct certain discovery in this proceeding under a voluntary agreement, and having further agreed to be bound by the terms of this Agreement,

**IT IS STIPULATED AND AGREED THAT:**

1.     This Order specifically governs the production, use, and handling of confidential and/or proprietary information that is produced, exchanged by, to, or with any person involved in this lawsuit.  This Order and the term "Producing Party" extends to all Parties as well as any non-parties who produce records or deposition testimony in this case in response to a subpoena issued by a Party as long as the non-party signs a copy of the "Attachment A" attached hereto. Other than as expressly provided in this Order, this provision does not entitle any non-parties to receipt of any discovery materials exchanged between the Parties.

2.     As used below, the term "Confidential Materials" may include information, documents and things subject to discovery in this action, including testimony adduced at any

1

deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things and responses to requests for admission, whether such information, documents and things are in the possession, custody or control of one of a Producing Party.

3.      Based on a good faith determination by counsel that any information, documents or things may be entitled to protection under Fed. R. Civ. P. 26(c)(1)(g) (involving "a trade secret or other confidential research, development, or commercial information") the Producing Party shall either: (1) label or mark any information, documents and things that it deems to be Confidential Materials with the legend "CONFIDENTIAL" at the time of production or copying; or (2) expressly identify to the opposing party a document or thing by bates stamp number as "CONFIDENTIAL."  Where large numbers of documents are produced for inspection by the producing party, the producing party may produce them for inspection with a written statement that the information contained in the documents may include confidential material and then specifically label or mark or identify "CONFIDENTIAL" only those documents of which the opposing party requests a copy.

4.      Deposition testimony shall be deemed CONFIDENTIAL only if so designated. Any designation shall be specific as to the portions of the transcript or any exhibit to be designated.  Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5.      Confidential Materials shall be used solely for the purpose of this action, including any appeal, and not for any other purpose or in any other action, including but not limited to use in any business or commercial enterprise.

CO\5396978.4

6.      Access to Confidential Materials shall be limited to the parties and to the following, unless and until the Court rules that there may be further disclosure:

a.      Attorneys and employees in the following law firms: O'Toole McLaughlin Dooley & Pecora, Co. LPA and Ice Miller, LLP;

b.      The following third-parties:

i.      non-party experts or independent consultants engaged by counsel or the parties to assist in this action, provided that each such person is deemed by counsel to need to learn the content of such Confidential Materials, but only after such persons have completed the certification contained in Attachment A;

ii.      an assistant, stenographic, secretarial or clerical personnel employed by an expert or assisting such expert in the preparation of this case for trial;

iii.      the Court and any court reporter transcribing testimony; and

iv.      any other persons with the prior written consent of the opposing party in this case.

7.      To the extent that a brief, memorandum, or pleading attaches any documents marked as CONFIDENTIAL, the filing party shall, consistent with Local Rule 5.2.1  seek leave of Court to file the document(s) under seal; (2) if leave is granted, file electronically with the Court the document(s) with all attachments that do not contain the confidential information, and shall separately file the Confidential Materials under seal via the Court's ECF system for filing confidential documents.  The filing party shall also mail or hand deliver the opposing party the unredacted versions of those attachments.

8.      The acceptance of information, documents or things designated as Confidential Materials by any party shall not constitute an admission or create a presumption that any such

CO\5396978.4

designation is appropriate.  Any party challenging a confidential designation shall designate in writing to the Producing Party those portions of the information, documents and things challenged as improperly designated and shall confer with Producing Party's counsel about those objections in order to try to resolve such dispute in good faith on an informal basis.  All information, documents and things which are subject to any such challenge shall be treated as Confidential Materials by all parties until the Court has made a judicial determination that any such information, documents and things are not properly labeled Confidential Materials, or until thirty (30) days before trial, whichever comes first.  If such a motion is made, nothing in this Order shall alter any burden of proof that would otherwise apply in determining whether the information, documents or things are within the scope of Fed. R. Civ. P. 26.

9.     This Agreement shall not be construed as an agreement by either Party to produce any document, or as a waiver by either Party of its right to object to the production of any document or assert a claim of privilege with regard to the production of any document.  Nothing herein shall be deemed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order.  Any Party may remove their designation of Confidential Information from any information it has previously so designated.  These restrictions may be altered or supplemented only by written stipulation between the Parties filed with and approved by the Court or by order of the Court on motion.

10.     If a Producing Party discovers after the production of discovery material that it has inadvertently failed to designate the material as CONFIDENTIAL, it shall give written notice to the receiving party that the material is Confidential.  Within 5 (five) business days of the notice, (i) the receiving party shall, to the extent possible, retrieve all copies of the advertently produced discovery material from any person or persons in possession of such copies

4

and return them to the Producing Party; (ii) the Producing Party will simultaneously provide copies of the same discovery material marked with the appropriate designation; and (iii) thereafter the Parties shall treat such copies as designated.

11. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as Confidential under this Order, including any copies, shall be destroyed.

**SO ORDERED.**


/s/ Terence P. Kemp
United States Magistrate Judge


**HAVE SEEN AND AGREED:**

O'TOOLE, McLAUGHLIN, DOOLEY &
PECORA CO., LPA
s/ Matthew Dooley, per written authority
Anthony R. Pecora      (0069660)
Matthew A. Dooley     (0081482)
455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:               (440) 930-4001
Facsimile:                (440) 934-7208
apecora@omdplaw.com
mdooley@omdplaw.com
*Counsel for Plaintiff and the Putative Class*

ICE MILLER, LLP

s/Steven D. Forry
James E. Davidson (0024534)
*Trial Attorney*
Steven D. Forry  (0075520)
250 West Street
Columbus, Ohio 43212
Telephone:      (614) 462-2286
Facsimile:      (614) 221-3406
James.Davidson@icemiller.com
Steven.Forry@icemiller.com
*Counsel for Defendant Exel Inc.*

5

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KELVIN W. HARRIS**, on behalf of himself and all others similarly situated, | |
| | CASE NO. 2:14-cv-1231 |
| Plaintiff, | |
| v. | JUDGE ALGENON L. MARBLEY |
| **EXEL, INC.** | MAGISTRATE JUDGE TERENCE P. KEMP |
| Defendant. | |

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO STIPULATION AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she read the Stipulation and Protective Order dated _____ in the above-captioned action and attached hereto (the "Order"), understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division in matters relating to the Order and understands that he/she is obligated to all of the protections and obligations set forth in the Order.  The undersigned acknowledges that violation of the Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business:  _____
Address
_____

_____

Date: _____ Signature:_____

6

CO\5396978.4